## Supreme Court of Kentucky
**TO BE PUBLISHED**
**FINAL**
2015-SC-000079-KB
DATE 6-23-15

MICHAEL CONSTANTINE SKOUTERIS                                       APPELLANT
KBA MEMBER NO. 92806


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                             APPELLEE


### OPINION AND ORDER

Appellant, Michael Constantine Skouteris, was admitted to the practice of law in the Commonwealth of Kentucky in 2008. Appellant's Kentucky Bar Association ("KBA") Member Number is 92806 and his bar roster address is 431 S. Main Street, Suite 200, Memphis, Tennessee 38103. As set forth below, Appellant appeals his suspension from the KBA due to his failure to pay his 2014-2015 bar dues pursuant to Supreme Court Rule ("SCR") 3.050.

The KBA claims that it sent Appellant his bar dues statement via regular mail on both July 18, 2014 and September 5, 2014. As of October 7, 2014, Appellant had still not paid his bar dues. For that reason, the KBA Director of Accounting and Membership sent a "blast" email to Appellant to notify him of his delinquent status. A second "blast" email was also sent to Appellant on November 6, 2014. On November 21, 2014, Karen Cobb, a KBA representative, contacted Appellant on the phone during which time Appellant stated that he would pay the full amount owed. However, Appellant failed to do so and on

November 24, 2014, the KBA sent Appellant a "Show Cause Notice of Delinquency" via certified mail. The Show Cause Notice of Delinquency was subsequently returned to the KBA as "Unclaimed" mail. On January 16, 2015, the KBA Board of Governors suspended Appellant's license to practice law pursuant to SCR 3.050.

As mentioned, Appellant has since filed an appeal from that suspension and a supporting affidavit pursuant to SCR 3.050. In his appeal, Appellant argues that good cause exists to revoke his suspension. Namely, Appellant claims that he was unaware his bar dues were unpaid. In 2014, Appellant started a new law firm in Memphis, Tennessee. Along with the new firm came a new office manager. Appellant stated that his previous office manager would pay his bar dues as a matter of course. However, his new office manager may not have known to do so. Moreover, Appellant explained that the new office experienced several problems in sending and receiving mail through the United States Postal Service ("USPS"). According to Appellant, USPS not only left other recipients' certified mail in the law firm's mail box, but it also lost some of their certified mailings. In other words, Appellant implies that USPS lost or failed to deliver the notices stating that his bar dues were unpaid. In fact, Appellant asserts that he did not become aware that his bar dues were delinquent until January 16, 2015. Appellant then attests that he immediately sent payment to the KBA and provided the Court with a copy of a check made payable to the KBA in the amount of $410.00 and dated February 1, 2015.

After reviewing Appellant's affidavit and appeal, along with the KBA's response, we disagree with Appellant that he has shown sufficient cause, thus requiring the Court to revoke his suspension. First and foremost, we believe continued suspension is appropriate because it appears that Appellant is still delinquent in paying his dues for the 2014–2015 fiscal year, along with late fees and costs, totaling $410.00. Appellant's affidavit claims that he sent the KBA a check for $410.00 which is dated February 1, 2015. However, the KBA's February 20, 2015, response states that the check was never received. Furthermore, this is not the first time Appellant has failed to pay his bar dues. Despite Appellant's claim that he has "always paid [his] Kentucky Bar Association Dues in a timely manner," it has come to the Court's attention that Appellant was delinquent in paying his annual bar dues for the fiscal years of 2009-2010, 2011-2012, 2013-2014, and 2014-2015. As a result, we do not believe that Appellant innocently assumed his bar dues were paid, nor can we agree that Appellant was unaware of the past due amount until January 16, 2015. After all, he was sent notices via regular mail, certified mail, and email. Moreover, KBA representative Karen Cobb explained that she informed Appellant in November of 2014 and that he assured her that payment would be made. Consequently, this Court believes that suspension shall continue to be imposed pending Appellant's compliance with the mandates of SCR 3.050.

ACCORDINGLY, IT IS ORDERED THAT:

1. Appellant, Michael Constantine Skouteris, KBA Member Number 92806, is hereby suspended from the practice of law in this Commonwealth for

3

failure to pay his KBA bar dues for the 2014-2015 fiscal year pursuant to SCR 3.050.

2. Appellant's bar membership may be fully restored upon his payment to the KBA in the amount of $410.00. This amount includes $310.00 membership fee, a $50.00 late payment fee, and a $50.00 costs fee.

All sitting. All concur.

ENTERED: June 11, 2015.

_____
CHIEF JUSTICE

4